974 So.2d 269 (2008)
VIRGINIA COLLEGE, LLC and Richard C. Tuttle, Appellants
v.
Kimberly MOORE and Dana Bishop, Appellees.
No. 2006-CA-02064-COA.
Court of Appeals of Mississippi.
February 5, 2008.
*270 Robert S. Addison, Gerald Lee Kucia, Jackson, attorneys for appellants.
James Howard Thigpen, attorney for appellees.
Before KING, C.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. This is an appeal of a circuit court's decision to deny a motion to compel arbitration. Kimberly Moore and Dana Bishop enrolled in a massage therapy program provided by Virginia College in Jackson, Mississippi. They graduated and received diplomas, but they were unable to pass the state certification examination. Moore and Bishop sued Virginia College and raised several causes of action centered around the prospect of "educational malpractice." Virginia College responded to the suit and participated in discovery. Additionally, Virginia College filed a motion to compel arbitration. The Hinds County Circuit Court denied Virginia College's motion because Virginia College participated in the underlying litigation. Virginia College appeals, claiming it did not waive its right to compel arbitration. After a thorough review of the record, we agree. Accordingly, we reverse the circuit court's decision. However, we remand this matter to the circuit court with instructions to resolve whether the arbitration language at issue is enforceable.

FACTS AND PROCEDURAL HISTORY
¶ 2. In 2003, Moore and Bishop enrolled in the School of Massage Therapy at Virginia College in Jackson, Mississippi. They graduated in December 2004 and received diplomas in February 2005. However, neither Moore nor Bishop was able to pass the state massage therapy certification examination.
¶ 3. On April 25, 2006, Moore and Bishop filed a complaint in the Hinds County Circuit Court. Moore and Bishop sued Virginia College and Richard Tuttle, the president of Virginia College. Moore and Bishop claimed that because of the inadequate education they received at Virginia College, they were unable to become state-certified in massage therapy. They specifically alleged that Virginia College "wholly *271 failed to teach certain courses, skills, and knowledge that make up a large portion of the certification exam, including, but not limited to Shiatsu and Kinesiology." Moore and Bishop raised causes of action for "breach of contract, educational malpractice, educational negligence, fraud, conversion, and bad faith." They also alleged causes of action for negligent infliction of emotional distress, general negligence, assault, and negligent hiring.
¶ 4. Virginia College responded and denied liability. Simultaneously, Virginia College filed a motion to compel arbitration based on the Conditions of Enrollment Addendum to Tuition Agreement that Moore and. Bishop executed when they enrolled. Virginia College argued that Moore and Bishop were obligated to resolve their dispute through arbitration. Moore and Bishop denied that they were obligated to arbitrate their dispute.
¶ 5. On October 23, 2006, the Hinds County. Circuit Court conducted a hearing on Virginia College's motion to compel arbitration.[1] Ultimately, the circuit court overruled Virginia College's motion. The circuit court based its decision on the Mississippi Supreme Court's holding in Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 913-14 (Miss.1993). According to Cox, a litigant waives the right to assert arbitration "when that party actively participates in a lawsuit or takes other action inconsistent with the right to arbitration." Cox further held that one obviates the right to assert arbitration by participating in pretrial litigation, including filing answers, counterclaims, motions, or by participating in discovery. Id. at 914.
¶ 6. The circuit court noted that Virginia College participated in pretrial litigation when it: (1) requested an extension of time to respond to Moore and Bishop's complaint; (2) filed an answer; (3) responded to discovery propounded by Moore and Bishop, including interrogatories, requests for production of documents, and requests for admissions; (4) responded to six subpoenas issued by Moore and Bishop; and (5) propounded requests for admissions upon Moore and Bishop. The circuit court concluded that Virginia College "waived [its] rights to arbitration when [it] actively participated in this lawsuit." Aggrieved, Virginia College now appeals.

STANDARD OF REVIEW
¶ 7. We conduct a de novo review of a circuit court's decision to grant or deny a motion to compel arbitration. Univ. Nursing Assocs., PLLC v. Phillips, 842 So.2d 1270, 1276(¶ 16) (Miss.2003). "A party seeking to invoke arbitration may waive that right if it actively participates in litigation." Id. at (¶ 17) (citations omitted). "Waiver of arbitration is not a favored finding, and there is a presumption against it; this is particularly true when the party seeking arbitration has included a demand for arbitration in its answer, and the burden of proof then falls even more heavily on the party seeking to prove waiver." Id. "We have expressed our intention to uphold arbitration agreements if at all possible under the circumstances." Id.

ANALYSIS
I. WHETHER VIRGINIA COLLEGE'S APPEAL IS TIMELY.
¶ 8. Moore and Bishop submit that this Court should dismiss Virginia College's appeal as untimely. On October 23, 2006, the circuit court entered its order denying Virginia College's motion to compel arbitration. Virginia College filed a notice of appeal on November 2, 2006. The record *272 contains a letter from Virginia College's counsel in which he stated, "It is my understanding from your office that the Notice of Appeal we previously sent on November 1, 2006, was never received."[2] On November 15, 2006, Virginia College filed a second notice of appeal.
¶ 9, On December 28, 2006, Moore and Bishop filed a motion to dismiss Virginia College's appeal. Within that motion, Moore and Bishop claimed that the supreme court should dismiss Virginia College's appeal because it was not timely filed pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure, which governs interlocutory appeals. On January 10, 2007, the supreme court entered an order by which it dismissed Moore and Bishop's motion to dismiss.
¶ 10. In their response brief, filed July 24, 2007, Moore and Bishop again asserted that Virginia College's appeal was interlocutory in nature and that it was untimely pursuant to Mississippi Rule of Appellate Procedure 5. We find the supreme court's order to be dispositive of this issue, Assuming, for the sake of argument, that the supreme court did not dispose of this issue, we still would find that Virginia College's appeal is timely. In Tupelo Auto Sales, Ltd. v. Scott, 844 So.2d 1167 (Miss.2003), the supreme court established a bright-line rule and held:
The lack of a final judgment or a grant of a petition for interlocutory appeal notwithstanding, we find that we have jurisdiction over this appeal. Adopting the procedure of the Federal Arbitration Act and following the lead of other jurisdictions, we find an appeal may be taken from an order denying a motion to compel arbitration.
Id. at 1170(¶ 10). Therefore, Mississippi Rule of Appellate Procedure 4 controlled the timing of Virginia College's appeal. Virginia College had thirty days to appeal the circuit court's order. M.R.A.P. 4(a). Both Virginia College's November 2, 2006, notice of appeal and its November 23, 2006, notice of appeal were filed within thirty days of the circuit court's order denying Virginia College's motion to compel arbitration. We find that Virginia College's appeal is properly before this Court.
II. WHETHER THE CIRCUIT COURT ERRED WHEN IT FOUND VIRGINIA COLLEGE WAIVED ITS RIGHT TO COMPEL ARBITRATION.
¶ 11. According to Virginia College, the circuit court misapplied Cox. Virginia College notes that, in Cox, a defendant filed a counterclaim, took part in pretrial discovery, including depositions, and filed a motion for summary judgment. Cox, 619 So.2d at 913. Virginia College also points out that, in Cox, the defendant did not seek to compel arbitration until eighteen months after the plaintiff filed its complaint. Accordingly, the Cox court held:
Cox did not request arbitration within a reasonable time limit when we consider the eighteen month delay and his extensive participation in the litigation of the issues. It appears from the record that Cox did not bring up an arbitration question until one-and-a-half years after a complaint was filed against him, and after he had participated in almost every aspect of litigation. He simply filed a motion in the circuit court claiming his right to arbitration without notification to [the plaintiff] pursuant to the arbitration clause of the contract. Likewise, the procedure for election of arbitration *273 in the event that [the plaintiff] does not send Cox notification of such a request must be reasonable. The entire second sentence of Paragraph 16 suggests notification by the parties to each other. Cox never notified [the plaintiff]. Thus, even though the Customer's Agreement expressly mandates arbitration, neither party took the necessary steps to begin the process. Cox did not follow a reasonable procedure to cause arbitration; rather, he proceeded in a court process which seems to abandon his right of arbitration.
Id.
¶ 12. Virginia College takes the position that it did not delay to assert its right to arbitrate. Virginia College brings the following to our attention: (1) in its answer, it asserted arbitration as an affirmative defense; (2) it did not file a counterclaim against Moore and Bishop; (3) in its discovery responses, it expressly reserved the right to arbitrate; and (4) it filed its motion to compel arbitration at the same time it filed its answer.
¶ 13. Virginia College relies on Univ. Nursing Assocs., PLLC, 842 So.2d at 1277(¶ 22). In that case, the Mississippi Supreme Court found that a trial court correctly concluded that a defendant did not waive its right to arbitrate. Id. Specifically, the supreme court held:
the minimal pretrial activities of the [defendants] did not constitute a waiver of arbitration. The [defendants] did not propound any discovery requests to [the plaintiff], They objected to [the plaintiffs] discovery requests, raised arbitration in their answer, and asserted the right to arbitration at a subsequent hearing on a motion to compel.
Id. Virginia College also relies on MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180(¶ 41) (Miss.2006), in which the Mississippi Supreme Court held:
The record before us today clearly demonstrates that the Defendants asserted their right to compel arbitration in their respective answers. However, rather than proceeding within a reasonable time to file a motion to compel arbitration and request a hearing on the motion, defendants proceeded to substantially engage the litigation process by consenting to a scheduling order, engaging in written discovery, and conducting Horton's deposition. Horton asserts that this participation in the lawsuit constituted a waiver of the Defendants' right to compel arbitration. Although participation in the litigation is an important factor to be considered, more is required to constitute a waiver. Horton also asserts that Defendants waived the right to compel arbitration by their unreasonable delay in bringing the issue before the trial court for adjudication. We find that, ordinarily, neither delay in pursuing the right to compel arbitration nor participation in the judicial process, standing alone, will constitute a waiver. That is to say, a party who invokes the right to compel arbitration and pursues that right will not ordinarily waive the right simply because of involvement in the litigation process, and a party who seeks to compel arbitration after a long delay will not ordinarily be found to have waived the right where there has been no participation in, or advancement of, the litigation process.
(Emphasis added).
¶ 14. Moore and Bishop claim that Virginia College did not timely assert its arbitration rights. They point out that Virginia, College did not advance its right to arbitration after they forwarded a demand letter to Virginia College on April 13, 2006. Virginia College did not respond to that demand letter in any manner whatsoever. However, in its answer, Virginia *274 College stated as its seventh affirmative defense, "Virginia College . . . assert[s] the provisions of the arbitration clause as set forth in the Conditions of Enrollment Addendum To Tuition Agreement ¶ 12 and all rights afforded to them under the Commercial Arbitration Rules of the American Arbitration Association." At the same time it filed its answer, Virginia College filed its motion to compel arbitration. Although Virginia College responded to Moore and Bishop's discovery requests, it also stated, "Any response provided by Virginia College to these interrogatories shall not be deemed as a waiver of Virginia College's right to arbitration." While it is true that Virginia College took part in the pretrial litigation process, it consistently advanced its arbitration rights. We are also mindful that "waiver of arbitration is not a favored finding, and there is a presumption against it." Id. at (¶ 39). Following Phillips and Horton, we find that the circuit court erred when it found that Virginia College waived its right to arbitrate. Therefore, we must reverse the circuit court and remand this matter for further consideration by the circuit court.
¶ 15. For clarity's sake, it is necessary that we elaborate. The circuit court's decision was based solely on the concept that Virginia College waived its right to assert arbitration. The circuit court did not determine whether the arbitration agreement was enforceable. Further, the circuit court did not conduct the familiar two-prong evaluation regarding whether a dispute is subject to arbitration. That is, the circuit court did not determine: "(1) whether the parties had a valid agreement in arbitration and (2) whether the specific dispute falls within the substantive scope of that agreement" Smith v. Captain D's, LLC, 963 So.2d 1116, 1119(¶ 11) (Miss.2007). Moore and Bishop vehemently argue that (1) certain causes of action are outside the scope of the arbitration provision; (2) the arbitration provision is unconscionable substantively and procedurally; and (3) Virginia College breached the arbitration provision. However, Virginia College restricted its argument, in large part, to the sole basis for the circuit court's decision. As an appellate court, it is inappropriate to review matters which a trial court has not first resolved. Johnson v. Alcorn State Univ., 929 So.2d 398, 407(¶ 31) (Miss.Ct.App.2006). Accordingly, we must remand this matter to the circuit court for resolution of Moore and Bishop's remaining arguments and any other proceedings consistent with this opinion.
¶ 16. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] The record does not contain a transcript of that hearing.
[2] Because the record contains a copy of the notice of appeal referenced by counsel, we can only assume that the clerk for the Mississippi Supreme Court received that notice. It is unclear just why counsel would have been informed that it was never received.