# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00285-COA

**SOUTH CENTRAL HEATING INC. AND JACK A. HOLSOMBACK**                    APPELLANTS

**v.**

**CLARK CONSTRUCTION INC. OF MISSISSIPPI, MICHAEL SPELLMEYER, AND EBM GROUP LLC**                    APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2021 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOLLY W. MATTHEWS III |
| ATTORNEYS FOR APPELLEES: | CHRISTOPHER SOLOP |
| | CHARLES STEPHEN STACK JR. |
| | CLYDE X. COPELAND III |
| | FRANK RUSSELL BRABEC |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 06/28/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. South Central Heating Inc. (South Central) and its president and owner, Jack A. Holsomback, appeal the Forrest County Circuit Court's orders compelling arbitration and staying the circuit court proceedings pending arbitration (orders compelling arbitration). The underlying claims relate to construction contract disputes between Clark Construction Inc. of Mississippi (Clark), its joint venturer EBM Group LLC (EBM), and Michael Spellmeyer, individually, on the one hand, and South Central and Holsomback, on the other. Because

various pleadings were filed prior to the circuit court's entry of its orders compelling arbitration, South Central and Holsomback assert that Clark and EBM/Spellmeyer waived their rights to compel arbitration and therefore the circuit court erred in entering its orders compelling arbitration. After a thorough review of the record and the applicable law, we find no waiver on the part of Clark or EBM/Spellmeyer. Accordingly, we affirm the circuit court's orders compelling arbitration and staying the circuit court proceedings pending arbitration.[1]

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. Clark is a general contractor licensed to conduct business in various states throughout the United States. In March 2017, Clark and EBM, also a general contractor licensed to conduct business in various states, entered into a joint venture agreement for the purpose of "bidding, obtaining, performing, and completing construction contracts." South Central is a contractor that builds and installs duct work in commercial buildings. Holsomback is South Central's president and owner.

¶3. In March 2018, December 2017, and May 2017, Clark entered into contracts with South Central to install the heating and air conditioning (HVAC) systems in three nursing homes located in Virginia, Tennessee, and Florida (the Projects), respectively.[2] South

---

[1] As such, South Central's second issue on appeal—that the joint venture between Clark and EBM is only entitled to one lawyer and one set of pleadings "at the trial on remand"—is moot. *See infra* ¶39.

[2] Although Clark was the only signatory on the contracts with South Central, South Central recognizes (and asserts) in its appellate briefing that Clark and EBM were joint

Central was unable to provide a payment and performance bond for each of the Projects, so Clark required Holsomback to personally guarantee South Central's payment of its laborers, subcontractors, and equipment and material suppliers.

¶4.    Each contract contained an identical arbitration section providing that "[a]ll claims, disputes, and other matters in controversy between the Contractor, Subcontractor, and all individual signatories hereto, arising out of or relating to this Subcontract shall be decided by mandatory and binding arbitration in accordance with the current and applicable Construction Industry rules and procedures of the American Arbitration Association . . . ."[3]

¶5.    Disputes subsequently arose between Clark and South Central about payments to South Central's subcontractors, resulting in Clark's refusal to pay South Central additional funds, and South Central then leaving the jobs.  In January 2019, Clark filed a "Complaint for Damages/Motion to Compel Arbitration and Motion to Stay" against South Central and Holsomback in the Forrest County Circuit Court with respect to all three contracts.

¶6.    The first page of Clark's complaint/motion to compel arbitration clearly sets forth Clark's motion to compel arbitration and request for a stay pending arbitration, as follows:

**MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Plaintiff respectfully submits that all of the Subcontract Agreements referenced herein required binding arbitration. Therefore, pursuant to the Mississippi Construction Arbitration Act (Miss. Code Ann. § 11-15-103 et seq.) and § 3 of the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.), Plaintiff

venturers with respect to the Projects covered by the contracts.

[3] The arbitration section contains two exceptions that are not at issue here.

3

files this motion seeking an order of the Court that (1) the parties submit to binding and mandatory arbitration of all disputes in the instant cause and (2) that all future proceedings in this Court be stayed, until such arbitration is concluded.

Copies of all three contracts containing the arbitration clause were attached to Clark's complaint/motion to compel arbitration.

¶7.     South Central and Holsomback filed a motion seeking additional time to respond to Clark's complaint/motion to compel arbitration, and their motion was granted by the circuit court's order entered on June 4, 2019.  South Central and Holsomback were allowed thirty days from entry of the order to file their responses.  When neither South Central nor Holsomback responded to Clark's complaint/motion to compel arbitration in a timely manner, Clark filed an "Application to Clerk for Entry of Default and Supporting Affidavit" on August 27, 2019, and the clerk filed a "Docket Entry of Default" against South Central and Holsomback on the same day.

¶8.     South Central and Holsomback filed their "Answer to Complaint and Motion to Compel Arbitration and Stay Litigation and Cross-Complaint" the same day, and also filed a two-page motion to set aside the clerk's entry of default.  Clark agreed to do so.

¶9.     In responding to Clark's motion to compel arbitration and request for a stay, South Central simply "den[ied] the allegations of the motion to compel arbitration and stay litigation between the parties," asserting that the contracts between Clark and South Central were "null and void and . . . not binding on this court or these defendants."  South Central's

4

"cross-claim" was actually a counter-claim against Clark,[4] seeking monies from Clark that South Central claimed were owed for work on the Projects. Clark answered South Central's counter-claim against it and, in doing so, Clark specifically noted that it was not waiving its right to compel arbitration.[5]

¶10. In May 2020, South Central filed a motion for partial summary judgment as to Clark's demand for arbitration only. Clark responded to the motion, again noting it was doing so without waiving its right to compel arbitration. Clark also noticed for hearing its motion to compel arbitration and to stay proceedings pending arbitration.

¶11. In August 2020, South Central filed a motion for leave to file a third-party complaint against Spellmeyer, EBM, and John Doe third-party defendants, asserting that they also agreed to pay South Central for the work done on the Projects. Clark responded, clearly stating in its response that it was doing so without waiving its right to compel arbitration, and simply noting in that response that it had no objection to these additional parties being brought into the litigation as long as all parties were compelled to arbitrate all claims.

¶12. The trial court granted South Central's motion for leave to file its third-party

---

[4] Although South Central identified the pleading as a "cross-claim," it was a claim for damages by South Central against Clark (an "opposing party"), constituting a "counter-claim" pursuant to Mississippi Rule of Civil Procedure 13(a).

[5] In its appellant's brief, South Central asserts that Clark also raised a "counter-claim" against it after agreeing to set aside the docket entry of default. This is incorrect. The docket sheet and the appellate record reflect that Clark filed only a response to South Central's counter-claim against it, specifically noting that it was doing so "without waiving its right to compel arbitration of this matter."

complaint and also ordered that Clark's motion to compel arbitration and South Central's motion for partial summary judgment as to Clark's right to compel arbitration would be held in abeyance until the third-party defendants were properly joined in the lawsuit.

¶13. In October 2020, South Central filed its third-party complaint against Spellmeyer, "individually and as agent, servant, and employee of [EBM]," and EBM, among other John Doe third-party defendants. South Central alleged that the third-party defendants were "jointly and sever[ally] liable with Clark" for monies owed to it. Spellmeyer and EBM (collectively, EBM)[6] filed an entry of appearance and a general denial, and in December 2020, EBM filed a motion to dismiss and compel arbitration combined with an answer and defenses and counter-claim, expressly brought without waiver of EBM's right to arbitration. EBM also separately filed a "Motion to Dismiss and Compel Arbitration" the same day. EBM filed a notice of hearing for its motion to dismiss and to compel arbitration shortly thereafter. Clark joined in EBM's motion to dismiss and compel arbitration and renewed its own motion to compel arbitration.

¶14. South Central responded to EBM's motion to compel arbitration and its counter-claim against it, and also served Clark and EBM with requests for production of documents.

---

[6] Spellmeyer and EBM asserted two specific defenses on Spellmeyer's behalf, that (i) at all times he was acting "in his capacity as an officer/manager/employee of EBM"; and (ii) he was "not liable to the Third-Party Plaintiffs . . . in his individual capacity insofar as, at all times relevant hereto, he was acting in the capacity of an agent for a disclosed princi[pal], specifically, EBM." As such, unless otherwise indicated, we will collectively refer to these third-party defendants as EBM.

Neither Clark nor EBM responded to the document requests. EBM filed a reply brief in support of its motion to dismiss and compel arbitration in February 2021, attaching as exhibits to its reply copies of the joint venture agreements between Clark and EBM for the three Projects at issue. Clark joined in EBM's reply brief, "without waiving its right to arbitration."

¶15. In February 2021, the circuit court conducted a hearing on South Central's motion for partial summary judgment on the arbitration issue and EBM's and Clark's motions to compel arbitration and stay the proceedings pending arbitration. After hearing the parties' arguments, the circuit court found that "[neither] Clark [nor] EBM have waived their right to arbitration," and then granted Clark's and EBM's motions to compel arbitration and stay the proceedings pending arbitration. EBM's motion to dismiss was denied. Separate orders granting EBM's and Clark's motions to compel arbitration and stay the circuit court proceedings pending arbitration were entered by the circuit court on February 26, 2021, and March 5, 2021, respectively. South Central and Holsomback appealed.

**STANDARD OF REVIEW**

¶16. We review de novo the granting of a motion to compel arbitration. *B&S MS Holdings LLC v. Landrum*, 302 So. 3d 605, 609 (¶11) (Miss. 2020). "Mississippi law, like federal law, favors the enforcement of valid arbitration agreements." *Harrison Cnty. Com. Lot LLC v. H. Gordon Myrick Inc.*, 107 So. 3d 943, 949 (¶12) (Miss. 2013). Under the Federal Arbitration Act and established Mississippi law, "the Court employs a two-part test: (1)

7

'whether the parties intended to arbitrate the dispute,' and (2) 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Id.* at (¶13) (quoting *Scruggs v. Wyatt*, 60 So. 3d 758, 766 (¶17) (Miss. 2011)).

¶17.    The first part of the test involves two considerations: "(1) whether there is a valid arbitration agreement, and (2) whether the parties' disputes fall within the scope of that agreement." *Id.* Neither of these considerations are at issue here. South Central does not challenge the validity of the arbitration provision at issue, nor does it challenge whether the parties' disputes fall within the scope of the arbitration provision. We note that because EBM was not a signatory to the contracts at issue, South Central argued before the circuit court that the arbitration provisions were not enforceable as to EBM. On appeal, South Central has abandoned any such assertion or argument. Instead, South Central now recognizes Clark's and EBM's status as joint venturers. Indeed, the record reflects that in its third-party complaint, South Central alleges that EBM is "jointly and sever[ally] liable" with Clark for the damages South Central seeks to recover.[7]

---

[7] *See Scruggs*, 60 So. 3d at 771 (¶29) (finding that a nonsignatory claimant whose claims arose by virtue of a joint venture agreement was bound by the arbitration provision in that agreement); *see also B.C. Rogers Poultry Inc. v. Wedgeworth*, 911 So. 2d 483, 492 (¶30) (Miss. 2005) (recognizing that "[a] non-signatory should have standing to compel arbitration where the non-signatory has a close legal relationship . . . with a signatory to the agreement[,]" but finding such a relationship was not present in that case); *Noble Real Est. Inc. v. Seder*, 101 So. 3d 197, 204 (¶27) (Miss. Ct. App. 2012) (describing the "intertwining-claims" doctrine that "allows a non-signatory third party to enforce an arbitration agreement against a contracting party if the claims are fundamentally grounded in, intimately founded in and intertwined with or arise out of and relate directly to the agreement containing the arbitration clause" (internal quotation marks omitted) (quoting *Gulf Guar. Life Ins. Co. v.*

¶18. As such, the only arbitrability issue South Central raises on appeal is whether Clark and EBM waived their arbitration rights—an issue that falls within the second part of the two-part test ("whether legal constraints external to the parties' agreement foreclose[] . . . arbitration"). *H. Gordon Myrick*, 107 So. 3d at 949 (¶13). In this regard, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at (¶12) (quoting *East Ford Inc. v. Taylor*, 826 So. 2d 709, 713 (¶11) (Miss. 2002)). We turn now to address the waiver issue.

## DISCUSSION

### I. Waiver of Arbitration Rights

¶19. South Central asserts that Clark and EBM waived their arbitration rights by actively participating in the litigation process and thus, according to South Central, the circuit court erred when it compelled arbitration. We find that this assignment of error is without merit for the reasons addressed below.

¶20. "Waiver of the right to arbitrate is not favored in Mississippi; 'there is a presumption against it.'" *Ungarino & Maldonado LLC v. Eckert & Tarleton LLC*, 285 So. 3d 724, 727 (¶10) (Miss. Ct. App. 2019) (quoting *Nutt v. Wyatt*, 107 So. 3d 989, 993 (¶11) (Miss. 2013)); *MS Credit Center Inc. v. Horton*, 926 So. 2d 167, 179 (¶39) (Miss. 2006). To overcome this presumption, South Central, as "the objector to arbitration[,] must establish 'that a party

*Conn. Gen. Life Ins. Co.*, 957 F. Supp. 839, 841 (S.D. Miss. 1997))).

seeking arbitration [(1)] substantially invoke[d] the judicial process to the detriment or prejudice of the other party,'" *Russell v. Performance Toyota Inc.*, 826 So. 2d 719, 724 (¶15) (Miss. 2002) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir.1999)),[8] or (2) has "actively participate[d] in a lawsuit or [has taken] other action inconsistent with the right to arbitration." *Century 21 Maselle & Assocs. Inc. v. Smith*, 965 So. 2d 1031, 1036 (¶8) (Miss. 2007). We find that neither Clark nor EBM has waived arbitration under either test.

### A.      Substantial Invocation of the Judicial Process and Prejudice to the Objector

### 1.      Substantial Invocation of the Judicial Process

¶21.    With respect to the first test, we do not find that Clark or EBM "substantially invoke[d] the judicial process" to South Central's "detriment or prejudice." *Russell*, 826 So. 2d at 724 (¶15). "Prejudice[,]" in the arbitration waiver context, "refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Phillips*, 842 So. 2d at 1278 (¶30) (quoting *Subway*, 169 F.3d at 327).

---

[8] The United States Supreme Court recently held in *Morgan v. Sundance Inc.*, 142 S.Ct. 1708, 1712-14 (May 23, 2022), that the Federal Arbitration Act does not require a party claiming waiver to prove "prejudice." Although the Mississippi Supreme Court has not yet specifically addressed the waiver aspect of this test post-*Morgan*, we note this development because the FAA applies in cases involving interstate commerce, *see, e.g.*, *Russell*, 826 So. 2d at 722 (¶7), and even in cases involving intrastate commerce, the courts consistently rely upon federal pro-arbitration policy in their analysis. *See, e.g.*, *Univ. Nursing Assocs. PLLC v. Phillips*, 842 So. 2d 1270, 1276 n.6 (Miss. 2003).

¶22. Clark moved to compel arbitration and requested a stay pending arbitration in the first pleading it filed. We recognize that Clark included in that same pleading an alternative complaint for damages. However, we find no Mississippi authority, and South Central cites to no authority, suggesting that a party has "substantially invoked the judicial process" by alternatively pleading a damages claim to protect its interest should arbitration be denied. Indeed, in *Century 21*, 965 So. 2d at 1037 (¶9), the supreme court found that the defendants did not waive arbitration although they "simultaneously requested a jury trial and asserted a right to arbitration in their answers and affirmative defenses." In the analogous situation before us, we likewise find that simultaneously filing a motion to compel arbitration and a complaint for damages does not "substantially invoke the judicial process," particularly in light of the strong presumption against waiver, *Ungarino & Maldonado LLC*, 285 So. 3d at 727 (¶10), and in favor of arbitration. *Century 21*, 965 So. 2d at 1036 (¶7).

¶23. South Central did not respond to Clark's motion to compel arbitration or Clark's complaint within the deadline extension it obtained from the circuit court. Even so, Clark waited an additional six weeks before filing an application to the clerk for an entry of default on August 27, 2019. The clerk entered its docket entry of default on the same day. South Central also filed its response to Clark's motion to compel arbitration, its answer, and a counter-claim against Clark the same day. Clark agreed to set aside the clerk's docket entry of default.

¶24. We do not find that Clark "substantially invoked the judicial process" under these

11

circumstances. South Central points to no evidence demonstrating any delay or reluctance on Clark's part in having the clerk's entry of default set aside. Clark simply applied for, and obtained, the clerk's entry of default pursuant to Mississippi Rule of Civil Procedure 55(a) six weeks after South Central failed to file a response to Clark's motion to compel arbitration or an answer to Clark's complaint. When South Central finally filed its responses, Clark agreed to set aside the entry of default. It did *not* move for a default judgment on the merits.

¶25. Clark also responded to South Central's counter-claim, expressly including a notice on the first page that its response was filed without waiving its right to arbitration. We likewise do not find that Clark "substantially invoked the judicial process" by filing an answer to South Central's counter-claim, while at the same time preserving its right to arbitrate. *See Virginia Coll. LLC v. Moore*, 974 So. 2d 269, 274 (¶14) (Miss. Ct. App. 2008) (finding no waiver where the party seeking to compel arbitration responded to discovery requests, but also included a statement that "[a]ny response provided . . . shall not be deemed as a waiver of [the defendant's] right to arbitration").

¶26. South Central then chose to move for partial summary judgment with respect to the arbitration issue, asserting Clark had waived its right to seek arbitration. Clark responded to South Central's motion, again including a notice that the response was filed without waiver of Clark's arbitration rights. Clark also noticed its motion to compel arbitration for hearing. Clark's filings related to the arbitration issue, and were not an attempt to invoke the judicial process with respect to any underlying construction contract claims.

12

¶27.   At this point, South Central then chose to file a motion to bring EBM and Spellmeyer into the lawsuit as third-party defendants.  Clark's response was simply to reiterate its arbitration rights, stating in particular that it "ha[d] no objection to these parties being brought into the litigation.  However, if they are, all parties should be compelled to arbitrate, as any claim Defendants have against these new parties necessarily emanates from the Defendants' contracts with Clark[—]all of which contain arbitration provisions."

¶28.   As noted above, the circuit court allowed South Central to file its third-party complaint and stayed resolution of Clark's motion to compel arbitration and South Central's motion for partial summary judgment on the arbitration issue until the third-party defendants were properly joined.

¶29.   South Central filed its third-party complaint against EBM and Spellmeyer.  Clark's only filings after this point were simply to renew its motion to compel arbitration and to file joinders in pleadings filed by EBM *relating to arbitration*.  Even with respect to these joinders, Clark reserved its arbitration rights.  We find that Clark did not "substantially invoke the judicial process" under these circumstances.

¶30.   Nor do we find that EBM[9] "substantially invoked the judicial process" with respect to its role in these proceedings.  In response to South Central's third-party complaint against it, EBM moved to compel arbitration and requested a stay pending arbitration, and included in that pleading its answer and a counter-claim against South Central, expressly stating that

---

[9] As noted, we collectively refer to EBM and Spellmeyer as EBM.

13

these pleadings were filed without waiver of EBM's arbitration rights. Ostensibly for clarity, EBM separately moved to compel arbitration the same day. EBM filed a notice of hearing on its motion to compel arbitration shortly thereafter. After South Central responded to EBM's motion to compel arbitration, EBM filed a rebuttal supporting that motion.

¶31. We observe that most of these filings relate to arbitration, and thus demonstrate no "invocation of the judicial process" at all. Although EBM also filed an answer and counter-claim, it did so in response to South Central's third-party complaint against it and while simultaneously moving to compel arbitration. And, as noted, EBM also expressly included an arbitration non-waiver provision in its answer and counter-claim and promptly noticed its motion to compel arbitration for hearing. We do not find that these circumstances, viewed as a whole, reflect an effort on EBM's part to "substantially invoke the judicial process." *See, e.g.*, *Century 21*, 965 So. 2d at 1037 (¶8).

### 2. Prejudice to the Objector

¶32. In any event, even if we found that Clark's or EBM's actions were sufficient to show they "substantially invoked the judicial process," we find that South Central has not shown it was "prejudiced" as that term is applied in the arbitration waiver context. South Central was on notice from the outset of the proceedings that Clark sought to resolve the dispute between them through the arbitration provision in the contracts. Nevertheless, South Central chose not to respond to either the motion to compel arbitration or the complaint until six weeks after the extended deadline. Indeed, the docket entry of default was filed by the clerk

14

due to South Central's own lengthy delay in filing any responsive pleading. Further, as noted, South Central can point to no evidence of delay or unwillingness on Clark's part in agreeing to set aside the entry of default when South Central finally filed its responsive pleadings. Clark did not move for a default judgment and certainly no default judgment was entered.

¶33. Nor do we find any prejudice relating to South Central's filing its motion for partial summary judgment—the motion related only to the arbitration issue. As such, this was not a situation in which South Central was "force[d] . . . to litigate an issue and . . . arbitrate *that same issue*[,]" as required for a finding of prejudice. *Phillips*, 842 So. 2d at 1278 (¶30) (emphasis added).

¶34. South Central then chose to bring in EBM and Spellmeyer as third-party defendants and, again, was plainly on notice that EBM, like Clark, sought to compel arbitration pursuant to the contracts and stay the circuit court proceedings pending arbitration. Both Clark and EBM consistently included arbitration non-waiver notices in the pleadings they filed.

¶35. We also find it relevant that South Central was the only party to serve discovery. Although South Central states in its brief that Clark and EBM engaged in discovery, this is not correct. The record reflects that South Central served Clark and EBM with requests for production of documents, but there is no indication that either Clark or EBM responded to that discovery. Nor is there any indication in the record that Clark or EBM served any discovery on South Central, or attempted to depose South Central or Holsomback, or any

15

other witness or party. This factor certainly weighs against a finding of waiver.

¶36.    We conclude our analysis with respect to the first waiver test by observing that the cases South Central relies upon in support of its waiver assertions more accurately serve to demonstrate why a finding of waiver is not appropriate here. They are easily distinguished from the circumstances in this case. *See, e.g.*, *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497-98 (5th Cir. 1986), *abrogated by Morgan*, 142 S.Ct. at 1712 (finding "substantial detriment and prejudice [to the defendant] Miller [Brewing]" where the plaintiff beer distributor did not raise arbitration in its state court petition against Miller Brewing and did not "announce its intention to arbitrate" until eight months later, then allowed its demand for arbitration to "lay dormant" for three and one-half years while "busily pursuing its legal remedies" and conducting extensive pre-trial discovery on the merits of the case, forcing Miller Brewing to incur extensive legal fees and to expend over 300 hours of its own employees' time); *Horton*, 926 So. 2d at 180-81 (¶¶41-45) (finding waiver where, although defendants asserted their right to compel arbitration in their respective answers, they delayed filing their motion to compel arbitration until eight months later, "all the while participating in the litigation process" by consenting to a scheduling order, engaging in written discovery, and conducting the plaintiff's deposition); *Cox v. Howard Weil Labouisse Friedrichs Inc.*, 619 So. 2d 908, 913-14 (Miss. 1993) (finding waiver where the defendant delayed eighteen months before requesting arbitration and after he "filed an answer and counterclaim as well as a summary judgment motion, argued the summary judgment motion, requested two

16

continuances, appealed to [the Mississippi Supreme] Court based on a pre-trial ruling, and had requested various types of discovery").

### B.    Conduct Inconsistent with Enforcing the Arbitration Agreement

¶37.    We also do not find that Clark or EBM "engaged in conduct inconsistent with timely enforcing the arbitration agreement" sufficient to constitute waiver in this case. Both Clark and EBM moved to compel arbitration and stay proceedings pending arbitration in the first pleadings they filed, and consistently included reservations of their arbitration rights in their subsequent pleadings. Likewise, both Clark and EBM noticed their motions to compel arbitration for hearing. Any delay in the final resolution of the arbitration issue was due in large part to South Central's actions—particularly with respect to its motion to add EBM and Spellmeyer as third-party defendants. As noted, the circuit court granted South Central's motion, and also stayed resolution of the arbitration issue until EBM and Spellmeyer were properly joined in the lawsuit. These circumstances simply do not constitute "delay" in the waiver context, as illustrated by a comparison with cases in which waiver has actually been found. *See, e.g.*, *In re Tyco Int'l (US) Inc.*, 917 So. 2d 773, 781-82 (¶¶32-34) (Miss. 2005) (finding waiver where "[t]he Tyco defendants' first pleadings were motions to recuse the trial judge, dismiss, or in the alternative, to transfer venue, none of which sought to invoke arbitration," followed by numerous "other actions inconsistent with the right to arbitrate," coupled with the Tyco defendants' failure to "file a motion to compel [arbitration] until less than one month prior to the case going to trial by jury"); *Pass Termite and Pest Control v.*

17

*Walker*, 904 So. 2d 1030, 1033 (¶9) (Miss. 2004) (finding waiver where Pass Termite answered the complaint against it without raising arbitration as a defense, demanded a jury trial in its answer, "invoked the available discovery procedures[,]" and did not file its "motion to compel arbitration . . . [until] 237 days after it was served with a copy of the complaint and summons").

¶38. In sum, based upon the circumstances viewed as a whole, the applicable law, and in light of the presumption against waiver in the arbitration context, we find that neither Clark nor EBM waived their rights of arbitration in this case. For all the reasons stated, we find that South Central's waiver assignment of error is without merit. We further find that the trial court did not err in compelling arbitration and staying the circuit court proceedings pending arbitration and, accordingly, these orders are affirmed.

## II. South Central's Request for a Determination Regarding Representation of the Joint Venture "at Trial"

¶39. In its second issue on appeal, South Central urges this Court to determine a "critical [issue] on remand," namely, whether "[t]he joint venture is entitled to only one (1) attorney for purposes of pleadings and most assuredly for trial," and further "urge[s] . . . this Court to decide and limit the joint venture to one (1) attorney and one (1) set of pleadings . . . [t]o put this case in position for trial[.]" As set forth above, this Court affirms the circuit court's orders compelling arbitration and staying the circuit court proceedings pending arbitration. For this reason, the case will not be remanded for trial and thus South Central's second issue on appeal is moot. We therefore will not discuss it.

18

¶40.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**